SOL:DW:WS
(06)

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor, | : |
| | :    Civil Action |
| Plaintiff, | |
| v. | :    File No. |
| | :    C O M P L A I N T |
| SPRING STREET SPA BELLES, INC., A Corporation;<br>7TH AVENUE SPA BELLES, INC., A Corporation;<br>SPA BLLEA, INC A Corporation; SECOND<br>AVENUE BLOOMIE NAILS INC. A Corporation;<br>SEVENTH AVENUE BLOOMIE NAILS, INC.<br>A Corporation; YAERIM NAIL CORP. A Corporation;<br>HONG CHUL YI, Individually, and as Owner | :<br><br>:<br><br>:<br><br>: |
| Defendants. | : |
| | : |

---

Plaintiff, ELAINE L. CHAO, Secretary of Labor, United States Department of Labor,

brings this action under Sections 17 of the Fair Labor Standards Act of 1938, as amended, (29

U.S.C. §201, et seq.), ("the Act"), alleging that defendants violated sections 6, 7, 11(c), 15(a)(2),

and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Sections 17 of the Act.

II

Defendant, doing business as SPRING STREET SPA BELLES INC., is a corporation

duly organized under the laws of the State of New York having its principal office and place of

business at 202 Spring Street, New York New York 10012 within the jurisdiction of this court,

where defendant is engaged in the nails, hair and skin services business.

### III

Defendant, doing business as 7TH AVENUE SPA BELLES, INC., is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 200 West 15th Street, New York New York 10011 within the jurisdiction of this court, where defendant is engaged in the nails, hair and skin services business.

### IV

Defendant, doing business as SPA BELLES INC., is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 326 Bleecker Street, New York New York 10014 within the jurisdiction of this court, where defendant is engaged in the nails, hair and skin services business.

### V

Defendant, doing business as SECOND AVENUE BLOOMIE NAILS, INC., is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 120 2nd Avenue, New York New York 10003 within the jurisdiction of this court, where defendant is engaged in the nails, hair and skin services business.

### VI

Defendant, doing business as SEVENTH AVENUE BLOOMIE NAILS., is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 170 West 23rd Street, New York New York 10011 within the jurisdiction of this court, where defendant is engaged in the nails, hair and skin services business.

### VII

Defendant, doing business as YAERIM NAIL CORPORATION is a corporation duly organized

2

under the laws of the State of New York having its principal office and place of business at 132 7th Avenue, New York New York 10011 within the jurisdiction of this court, where defendant is engaged in the nails, hair and skin services business.

VIII

Defendant, HONG CHUL YI, who resides at 48A Arleish Road, Great Neck New York 11021, is an officer of defendant corporation, in active control and management of defendant corporation, regulated the employment of persons employed by defendant corporation, acted directly and indirectly in the interest of defendant corporation in relation to the employees, and was thus an employer of the employees within the meaning of section 3(d) of the Act.

IX

Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

X

Defendants in many workweeks have violated the provisions of sections 6 and 15(a)(2) of the Act by employing many of their employees at rates less than those which are applicable under Section 6 of the Act. Therefore, defendants are liable for unpaid minimum wage compensation and prejudgment interest on the unpaid minimum wage compensation under section 17 of the Act.

3

XI

Defendants in many workweeks have violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and prejudgment interest on the unpaid overtime compensation under section 17 of the Act.

XII

Defendants have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

XIII

Defendants since September 1, 2003 have violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)     For an injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation

4

with defendant, from violating the provisions of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and

(2)     For an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(3)     For an order awarding plaintiff the costs, fees and other expenses of this action; and

(4)     For an order granting such other and further relief as may be necessary and appropriate.

DATED:      July   , 2006
            Brooklyn, New York


                              /s/Howard M. Radzely
                              HOWARD M. RADZELY
                              Solicitor of Labor

                              /s/Patricia M. Rodenhausen
                              PATRICIA M. RODENHAUSEN
                              Regional Solicitor

                              /s/Douglas Weiner
                              DOUGLAS WEINER
                              Senior Trial Attorney
                              DW (1965)

                              U.S. Department of Labor,
                              Attorneys for Plaintiff.